1  JAMES McMANIS (40958)
   TYLER ATKINSON (257997)
2  ANDREW PARKHURST (324173)
   McMANIS FAULKNER
3  A Professional Corporation
   50 West San Fernando Street, 10th Floor
4  San Jose, California 95113
   Telephone:     (408) 279-8700
5  Facsimile:     (408) 279-3244
   Email:          aparkhurst@mcmanislaw.com
6
   Attorneys for Defendants
7  ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC.,
   SHAHID SHEIKH, and FARHAAD SHEIKH
8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12  HEWLETT PACKARD ENTERPRISE            Case No. 3:20-cv-5447 VC
    COMPANY, a Delaware corporation;
13  HEWLETT PACKARD ENTERPRISE            **OPPOSITION TO PLAINTIFFS'**
    DEVELOPMENT LP, a Delaware            **MOTION FOR LEAVE TO FILE FIRST**
14  corporation; and HEWLETT-PACKARD      **AMENDED COMPLAINT FOR**
    DEVELOPMENT COMPANY, L.P., a Texas    **DEFENDANTS ADVANCED DIGITAL**
15  limited partnership,                  **SOLUTIONS INTERNATIONAL, INC.,**
                                          **SHAHID SHEIKH, AND FARHAAD**
16                                        **SHEIKH**
                   Plaintiffs,
17         v.
                                          Hearing Date:      August 19, 2021
18  ADVANCED DIGITAL SOLUTIONS            Time:              2:00 p.m.
    INTERNATIONAL, INC., a California     Courtroom:         4, 17th Floor
19  corporation, SHAHID SHEIKH, an individual,   Judge:      Hon. Vince Chhabria
    and FARHAAD SHEIKH, an individual,
20
21                 Defendants.
22
23
24
25
26
27
28
                                        1

1

## INTRODUCTION

2   Hewlett Packard Enterprise Company, Hewlett Packard Enterprise Development, L.P.,

3   and Hewlett Packard Development Company, L.P. (collectively "HPE" or "Plaintiffs") move to

4   amend their pleading to add both claims and defendants.  Defendants oppose Plaintiffs' request

5   for leave to amend on the ground that amendment to add Kamran Sheikh a year after this case

6   was filed constitutes an undue delay substantially likely to prejudice Kamran Sheikh in

7   defending himself in this litigation.  Further, the allegations in the proposed First Amended

8   Complaint ("FAC") that pertain to Kamran Sheikh are so devoid of substance that amendment

9   would be futile.

10   Kamran Sheikh is the son of Shahid Sheikh and brother to Farhaad Sheikh.  Kamran

11   Sheikh's involvement with Advanced Digital Systems International, Inc. ("ADSI"), has been

12   limited since it was founded by his parents in 1991.  HPE and its counsel, Mr. Richard Nelson,

13   have known of Kamran Sheikh since at least 2018. Indeed, Mr. Nelson served as counsel for

14   Cisco Systems, Inc., in another matter against ADSI, Kamran Sheikh, and other members of the

15   Sheikh family that settled in November, 2020.  The proposed amendment to the complaint

16   regarding Kamran Sheikh includes no allegations that were not already known to HPE as of the

17   date of the original complaint.  Amendment is futile because the allegations against Kamran

18   Sheikh in the proposed FAC fail to state any facts that could give rise to a claim for relief. Leave

19   to amend as to Kamran Sheikh should be denied.[1]

20

## ARGUMENT

21   **I.      Legal Standard**

22   Federal Rule of Civil Procedure 15 provides that leave to amend shall be freely given

23   "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see In re Graphics Processing Units*

24   *Antitrust Litig.*, 540 F. Supp. 2d 1085, 1090 (N.D. Cal. 2007) ("This standard is applied

25

26   [1] Defendants do not oppose leave to amend as to the additional allegations in the proposed FAC
or as to the addition of K&F Associates, LLC, as an entity defendant. However, Defendants

27   reserve, and expressly do not waive, their right to challenge the proposed FAC, and any other
later pleadings, and raise any of the arguments contained in this opposition in support of those

28   challenges.

2

OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; Case No.
3:20-cv-5447 VC

1    liberally.").  However, liberality of amendment does not mean the Court is required to grant

2    leave to amend. *See Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1839700,

3    at *1 (N.D. Cal. May 8, 2021) (denying leave to amend).  In the Ninth Circuit there are five

4    factors the District Court must consider in deciding whether to grant leave to amend: "undue

5    delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

6    by amendments previously allowed, undue prejudice to the opposing party by virtue of

7    allowance of the amendment, and futility of amendment."  *In re BofI Holding, Inc. S'holder*

8    *Litig.*, 848 F. App'x 234, 238 (9th Cir. 2021) (citations omitted).

9    **II.      Leave To Amend Should Not Be Granted With Respect To Kamran Sheikh.**

10            **a.  Undue Delay and Prejudice**

11           "Delay alone no matter how lengthy is an insufficient ground for denial of leave to

12    amend." *Yates v. W. Contra Costa Unified Sch. Dist.*, No. 16-CV-01077-MEJ, 2017 WL 57308,

13    at *2 (N.D. Cal. Jan. 5, 2017) (citations omitted).  "However, undue delay combined with other

14    factors may warrant denial of leave to amend," such as where prejudice and undue delay are

15    present. *Id.*  "Whether the moving party knew or should have known the facts and theories raised

16    in the proposed amendment at the time it filed its original pleadings is a relevant consideration in

17    assessing untimeliness."  *Id.*  "Late amendments to assert new theories are not reviewed

18    favorably when the facts and the theory have been known to the party seeking amendment since

19    the inception of the cause of action." *Id.* (citing *Acri v. Int'l Ass'n of Machinists & Aerospace*

20    *Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).)

21           HPE and its counsel have known about Karman Sheikh's connection to the ADSI family

22    business for more than three (3) years.  He was named in a lawsuit brought by Cisco Systems,

23    Inc. ("Cisco") in December, 2018.  HPE's counsel, Mr. Nelson, was also counsel for Cisco

24    against the same Defendants in the previous matter (the "Cisco matter").  Mr. Nelson took

25    Kamran Sheikh's deposition in the Cisco matter several months before the original complaint

26    was filed in this case and represented Cisco in settling the case before trial, including a

27    settlement with Kamran Sheikh.

28

OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; Case No.
3:20-cv-5447 VC

1    HPE was aware of Kamran Sheikh more than a year before filing its original complaint.

2  Despite HPE's proposed FAC making few references to Kamran Sheikh, HPE does point to one

3  instance where in 2019 he was copied on an email between ADSI employees and a HPE

4  representative. (Dkt. 35, Exh. B, p. 15.)  HPE's knowledge of Kamran Sheikh at the time it filed

5  its original complaint, and its decision to forego adding him as a defendant, constitutes an undue

6  delay that prejudices Kamran Sheikh's ability to defend himself in this litigation by starting a

7  year behind the other litigants.

8    Furthermore, the proposed FAC does not add any claims or allegations against Kamran

9  Sheikh that were not known to HPE at the time it filed its original complaint.  The allegations

10  against Kamran Sheikh only appear (1) in the context of the allegations from the Cisco matter,

11  (2) in a conclusory statement that Kamran Sheikh, along with Shahid and Farhaad Sheikh,

12  oversaw ADSI and the alleged misconduct, and (3) in a single reference to an email on which he

13  was copied in March, 2019 that HPE alleges shows ADSI sales associates misrepresenting their

14  entitlement to certain sales incentives compensation. (*See* Dkt. 35, Exh. B, p. 10, 14-15.)  Each

15  of these allegations, which are trivial and insufficient to state a claim (see below), was known to

16  HPE as the time it filed its original complaint.

17    HPE's undue delay in adding Kamran Sheikh merits denial of leave to amend to add him

18  as a defendant.

19    **b.  Futility of Amendment**

20    "A motion for leave to amend may be denied if it appears to be futile or legally

21  insufficient." *Align Tech., Inc. v. Strauss Diamond Instruments, Inc.*, No. 18-CV-06663-TSH,

22  2019 WL 861422, at *3 (N.D. Cal. Feb. 22, 2019).  As described above, HPE presumably did not

23  include Kamran Sheikh in its original complaint because it lacked any basis to do so.  The

24  proposed FAC makes obvious that nothing has changed.  The proposed FAC makes no

25  individual allegations against Kamran Sheikh that pertain to HPE's claims.  Five out of the eight

26  instances where Kamran Sheikh's name appears substantively in the proposed FAC are in

27  reference to the Cisco lawsuit settled in November, 2020.  (Dkt. 35, Exh. B, p. 10.)  The Cisco-

28

4

1    related allegations included in the proposed FAC are merely the same allegations that Cisco

2    made against Kamran Sheikh and others.  The allegations share no nexus to the facts of this case.

3         The other two substantive references in the proposed FAC to Kamran Sheikh are equally

4    scanty.  HPE's proposed FAC alleges in conclusory fashion that ADSI's alleged misconduct was

5    "directed by and overseen by Shahid Sheikh and his sons Kamran and Farhaad 'Freddy' Sheikh."

6    (*Id.*, p. 14)  HPE's final allegation that names Kamran Sheikh states only that he was copied on a

7    single email chain with Shahid Sheikh and Farhaad Sheikh that HPE alleges evidences an

8    attempt by ADSI sales team members to fraudulently claim sales incentives bonuses from HPE.

9    (*Id.*, p. 15.)

10        In sum, the allegations added against Kamran Sheikh in the proposed FAC appear to be

11   nothing more than an attempt to tie him to allegations previously filed against Shahid and

12   Farhaad Sheikh without adding any more substance to justify Kamran's inclusion.

13        Leave to amend the complaint to add Kamran Sheikh should be denied.

14                              **CONCLUSION**

15        With respect to Kamran Sheikh, defendants ask that the Court deny plaintiffs' request to

16   amend because the proposed amendments are brought with undue delay, they prejudice Kamran

17   Sheikh, and they are futile in light of the insufficiency of the allegations added to the proposed

18   FAC.

19   DATED:  July 16, 2021                    McMANIS FAULKNER

20

21                                             */s/ Andrew Parkhurst*
                                               JAMES MCMANIS
22                                             ANDREW PARKHURST

23                                             Attorneys for Defendants ADVANCED DIGITAL
                                               SOLUTIONS INTERNATIONAL, INC., SHAHID
24                                             SHEIKH, and FARHAAD SHEIKH

25

26

27

28

5

OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; Case No. 3:20-cv-5447 VC